# IN THE COURT OF APPEALS OF IOWA

No. 18-0974
Filed September 25, 2019

**JORDAN R. HOLM,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Johnson County, Lars G. Anderson,

Judge.

Jordan Holm appeals the denial of his application for postconviction relief.

**AFFIRMED.**

Kent A. Simmons, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee State.

Considered by Potterfield, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

Jordan Holm appeals the denial of his application for postconviction relief (PCR).  Following a bench trial in 2003, he was convicted of sexual abuse in the third degree.  *See* Iowa Code § 709.4 (2001).  We affirmed his conviction on direct appeal.  *See State v. Holm*, No. 03-1906, 2005 WL 3477935, at *7 (Iowa Ct. App. Dec. 21, 2005).  Holm then filed an application for PCR.  The district court held trial on his application and denied it in full.

On appeal, Holm argues his trial counsel was ineffective for advising him to waive his jury trial, failing to offer character evidence, and failing to properly investigate and present DNA evidence.  He also argues his trial counsel had a conflict of interest, which requires us to presume prejudice on his ineffective-assistance claims.  *See State v. Smitherman*, 733 N.W.2d 341, 346 (Iowa 2007). In a thorough and well-reasoned opinion, the district court rejected his conflict-of-interest claim, finding his arguments "circular" and insufficient to prove "the existence of a conflict."  The court also found his "waiver of jury trial was knowing and voluntary and . . . was supported by legitimate strategic considerations"; his character evidence "would not have been admissible at his criminal trial" and, even if it were admissible, he did not show "a reasonable likelihood that the outcome of trial would have been different"; and his DNA evidence, if admissible, "would not have had a substantial likelihood of changing the outcome."  On our de novo

review,[1] we agree with the detailed ruling of the district court, and we affirm without further opinion.  *See* Iowa Ct. R. 21.26(1)(b), (d), (e).

**AFFIRMED.**

---

[1] We review constitutional claims from a PCR proceeding de novo.  *See Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017).